# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CHLOEE HOLDEN | * | CASE NO. |
| | * | |
| VERSUS | * | |
| | * | NOTICE OF REMOVAL OF |
| SOUTHEASTERN LOUISIANA | * | ACTION UNDER |
| UNIVERSITY AND STATE OF | * | 28 USC §§ 1441 and 1446 |
| LOUISIANA THROUGH THE | * | |
| BOARD OF SUPERVISORS FOR | * | |
| THE UNIVERSITY OF LOUISIANA | * | |
| SYSTEM | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## NOTICE OF REMOVAL AND DEMAND FOR JURY TRIAL

Defendant, the Board of Supervisors for the University of Louisiana System (hereinafter the "Board"), with full reservation of their rights under state and federal law, including an exception as to improper venue, hereby notice the removal of the state court action identified below. As an initial matter, while Southeastern Louisiana University (hereinafter "SLU") is also named as a Defendant, it is not an entity which can sue or be sued and is therefore not properly joined. However, to the extent 28 U.S.C. 1446(b)(2)(A) requires all properly joined and served Defendants to join in removal, SLU, with full reservation of their rights under state and federal law, including an exception as to improper venue, likewise, to the extent required, consents to the removal of the state court action identified below. The Board and SLU are hereinafter referred to as "Defendants". With respect hereto, Defendants aver:

1.

On March 12, 2021 Plaintiff Chloee Holden filed her Petition for Damages in the 21st Judicial District Court for the Parish of Tangipahoa against Defendants, the Board and SLU. *See* State Court Record, attached as Exhibit 1.

2.

On March 16, 2021, Defendant SLU, was served through its university president, Dr. John Crain, who received a service copy of Plaintiff's Petition for Damages.

3.

On March 25, 2021, Defendant, the Board of Supervisors for the University of Louisiana System, was served through the Office of Risk Management, via Melissa Harris, who received a service copy of Plaintiff's Petition for Damages. Likewise, on the same date, the Board was also served through Jeff Landry, Attorney General for the State of Louisiana, who also received a service copy of Plaintiff's Petition for Damages.

4.

Removing Defendants deny that service has been completed consistent with La. R.S. 39:1538(D) on any of the state entities sued. Removing Defendants expressly reserve their right to contest the sufficiency of service.

5.

This removal is being timely filed pursuant to 28 U.S.C. 1446(b).

6.

Pursuant to 28 U.S.C § 1332, there exists complete diversity of citizenship. Plaintiff is a domiciliary of Alvin, Texas. Defendant SLU is an institution under the supervision and

management of the Defendant Board, and both SLU and the Board are considered arms of the State of Louisiana. La. R.S. 17:3217; See also *Hall v. Bd. of Supervisors of Cmty. & Tech. Colleges*, No. CIV.A. 15-67, 2015 WL 2383744, at *4 (E.D. La. May 18, 2015)(Milazao, J.). Therefore, because the suit is between a State and a Citizen of another State, this Court has original jurisdiction. U.S. Const. art. III, § 2, cl. 1

7.

Likewise, this Court has original jurisdiction pursuant to 28 U.S.C § 1332(a), as the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Ordinarily, the sum demanded in good faith will be deemed to be the amount in controversy. 28 U.S.C § 1446 (c)(2). In general, Louisiana does not allow Plaintiffs to plead a specific amount of money damages, but does allow pleading of specific monetary damages for breach of contract claims. C.C.P. art. 893(A)(1) and La. C.C.P. art. 893(B). Here, Plaintiff declined to plead a specific monetary amount for her breach of contract claim. In such instances, "a defendant can rely on the face of the complaint if it is apparent that the amount in controversy is enough." *Ripp v. State Farm Fire & Cas. Co*., No. CIV.A. 07-6910, 2007 WL 4532213, at *2 (E.D. La. Dec. 19, 2007)(Barbier, J.) (internal citations omitted)). If it is not evident from the face of the complaint, "summary judgment type evidence of facts in controversy" can be used by a defendant to establish the jurisdictional amount. *Id.* 28 U.S.C § 1446 (c)(2)(B) provides that "removal of the action is proper on the basis of an amount in controversy … if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)."

8.

This removal action seeks to establish that the amount in controversy exceeds the requisite amount required for removal, based upon Plaintiff's claims for breach of contract, bad faith breach of contract, along with loss of earning capacity, and general damages, including emotional distress.

9.

The following discussion regarding the sum or value of Plaintiff's claims, the facts in controversy which support this position and corresponding evidence, including an affidavit, are presented to demonstrate, by a preponderance of evidence, that the amount in controversy exceeds $75,000. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)(Little, J.). As noted above, "[t]he defendant may prove that amount either by demonstrating that the claims are likely above $75,000 in sum or value, or by setting forth the facts in controversy that support a finding of the requisite amount." *Gebbia v. Wal-Mart Stores, Inc*., 233 F.3d 880, 882–83 (5th Cir. 2000)(Parker, J.). Relevant to the value of the sum of her claims are the following facts, intended to establish the claimed value of the breach of contract claim, including Plaintiff's intention to recover the full value of her scholarship; the value of her bad faith breach of contract claim; the value of her loss of earning capacity claim and the value of her emotional distress claims.

10.

According to the most recent Petition for Damages, Plaintiff, Chloee Holden, accepted a scholarship to play volleyball at SLU for the August 2016 through May 2017 academic year, which was renewed for the following year. In exchange for her participation in the volleyball program, SLU would provide full tuition, fees, room, board and books. Plaintiff alleges her acceptance of the scholarship created a binding contract between Plaintiff and Defendants. La. C.C. art. 1927. In

the Fall of 2017, Plaintiff avers, after a series of incidents, she was removed from the team and advised her scholarship would not be renewed for the upcoming academic year.

11.

Plaintiff alleges breach of contract for the following actions: she was denied adequate written notice of the non-renewal and a hearing opportunity, and her contract was wrongfully cancelled.

She alleges bad faith breach of contract by SLU in failing to provide written notification of non-renewal, or an opportunity for hearing through the Director of Financial Aid. Finally she avers SLU and the Board are obligors in bad faith for their employees' actions that are a direct consequence of their failure to perform.[1] La. C.C. art. 1997.

12.

Plaintiff seeks damages for the Board and SLU's alleged bad faith breach of contract, including, but not limited to, past and future economic loss of tuition, permissible fees, room and board, books and loss of earning capacity. In addition, Plaintiff alleges general damages, including emotional distress, along with all damages that are just and due in the premises.

13.

The core of Plaintiff's new state court suit is the non-renewal or cancellation of her scholarship and resulting breach of contract. For a standard breach of contract claim, '[a]n obligor is liable for the damages caused by his failure to perform a conventional obligation.'" *Petro-Marine Underwriters, Inc. v. Cox Operating, LLC*, No. 2:17-CV-09955, 2020 WL 1531264, at *6

---

[1] Those employees include, but are not limited to, James Smoot, Jay Artigues and Justin Bice for their reckless disregard of Plaintiff's contractual rights in breach of her contract with SLU.

(E.D. La. Mar. 31, 2020)(Guidry, J.)(*quoting* La. C.C. art. 1994). With regard to the general measure of damages for a breach of contract claim, "[d]amages are measured by the loss sustained by the obligee and the profit of which he has been deprived." La. C.C. art. 1995. An essential element to any breach of contract claim is proof of damages. *CIT Bank, N.A. v. Howard Transportation, Inc*., No. CV 17-10767, 2020 WL 3047436, at *2 (E.D. La. June 8, 2020)(Milazzo, J.).

Additionally, Plaintiff alleges Defendants committed a bad faith breach of contract by recklessly disregarding her contractual rights which resulted in damages such as past and future economic loss of tuition and related fees and expenses, loss of earning capacity, along with general damages including emotional distress. La C.C. art. 1997 provides that "[a]n obligor in bad faith is liable for all the damages, foreseeable or not, that are a direct consequence of his failure to perform." "Bad faith is not 'mere bad judgment or negligence [;] it implies the conscious doing of a wrong for dishonest or morally questionable motives.'" *PBS, LLC v. Gonzales Home 2 Lodging, LLC*, No. CV 19-13170, 2020 WL 1166989, at *2 (E.D. La. Mar. 11, 2020)(Vance, J.)(quoting *Volentine v. Raeford Farms of La., LLC,* 201 So. 3d 325, 338 (La. App. 2 Cir. 2016)). "[C]ourts have found that bad faith implies 'actual or constructive fraud or a refusal to fulfill contractual obligations, not an honest mistake as to actual rights or duties.'" *Id.* quoting *Bd. of Sup'rs of La. State Univ. v. La. Agr. Fin. Auth.*, 984 So. 2d 72, 80 (La. App. 1 Cir. 2008). The following factual examples and documentary evidence demonstrate that the value of claims exceeds $75,000.

14.

In her new petition, Plaintiff alleges "past and future economic loss of tuition" and is therefore seeking the value of her scholarship, including incidental fees, for multiple years, i.e., until her athletic eligibility ended or she graduated. Exhibit 1

In support of the allegation that Plaintiff's claims meet the required amount in controversy, by a preponderance of the evidence, Defendants submit the affidavit of Brandon J. DeCuir, counsel for the Board of Supervisors for the University of Louisiana System. In his affidavit, Mr. DeCuir attests that at the time of non-renewal, Plaintiff possessed four years of eligibility remaining for which Defendants could have awarded a scholarship. Affidavit of Brandon J. DeCuir. Four years of eligibility would result in a total value of $120,980.00, using Plaintiff's own valuation contained within her 2019 settlement demand of $30,245.00 for one year of tuition and necessary school expenses. Exhibit C Settlement Demand. As noted above, Plaintiff is domiciled in Alvin, Texas and would qualify as a non-resident student. In further support of the valuation of one year of tuition, fees and school related expenses, Defendants attach the following: The schedule of tuition and fees at SLU for a non-resident student (annually $21,203) Exhibit D, along with room charges and meal plans (annually $9,000). Exhibit E, for a total of $30,203 annually. If she returned for the remaining four years of eligibility, the value of her tuition and related fees, annually, would total $120,812.

15.

The present suit arises out of the same controversy as two earlier filed matters, including one which is still before this Court. Those earlier matters illuminate facts and evidence demonstrating the amount in controversy. Previously, on November 2, 2018, Plaintiff Chloee

Holden filed a Petition for Damages in the 21st Judicial District Court for the Parish of Tangipahoa. On December 10, 2018, that suit was removed to this Court pursuant to 28 U.S.C. § 1441(a). For instance, in opposition to the original motion to dismiss, Plaintiff provided factual evidence indicating her intention to seek "past and future economic loss of tuition" i.e, multiple years of scholarship tuition and related fees and expenses through her suit. *Holden v. Perkins*, No. CV 18-13200, (Rec. Doc. No. 21 at 5, 7)(noting her reasonable expectation that her athletic scholarship would be renewed for the upcoming year, absent some failure or misconduct.). Further, she suggests the deprivation of scholarship funds would bring her education to a "screeching halt". *Holden v. Perkins*, No. CV 18-13200, (Rec. Doc. No. 21 at 7). Ultimately, that suit resulted in a partial dismissal on August 15, 2019, and a remand to state court. *Holden v. Perkins*, 398 F. Supp. 3d 16, 19 (E.D. La. 2019).

16.

Following the dismissal of her initial federal claims and remand to state court, on August 19, 2019, counsel for Plaintiff sent a settlement demand. See Exhibit C. This demand letter is significant because it demonstrates Plaintiff's good faith estimate of the value of one year of tuition and school related fees, providing evidence related to the value of her breach of contract claim. Likewise, it provides factual evidence which tends to support the notion Plaintiff seeks to recover multiple years of tuition and fees. In it, Plaintiff expresses a desire to complete her undergraduate studies, further evidence of her intention to complete a college degree. Specifically, Plaintiff asks for the following to settle the matter: (1) reinstatement on the SLU volleyball team; (2) reinstitution of the original terms of the full scholarship awarded to Plaintiff; and (3) a one-time lump sum payment of $30,245.00 to compensate Ms. Holden for the 2018-2019 tuition and

necessary school expenses that would have been covered by her previously-existing volleyball scholarship. Notably, this settlement letter acknowledges this settlement amount only represents Plaintiff's good faith demand representing one year of tuition and necessary school expenses and expressly *foregoes additional potential damages pursuant to her pending state law claims.* At this particular juncture, Plaintiff's federal claims had been recently dismissed.

This Court has previously held that "evidence in the form of a settlement offer, indicating that Plaintiff's own estimation of the amount in controversy exceeds $75,000. … is sufficient to satisfy Defendant's burden and establish by a preponderance of the evidence that the jurisdictional amount exists.[2] *Howard v. Wal-Mart Stores, Inc.*, No. CIV.A. 05-2599, 2005 WL 3555537, at *1 (E.D. La. Nov. 7, 2005)(Barbier, J.). The 2019 settlement demand represents Plaintiff's good faith representation that the value of one year of tuition and necessary school expenses is $30,245.00. Further, Plaintiff desired immediate reinstitution of the "full scholarship" in August 2019 so she "may direct her full attention to completing her undergraduate studies." This statement reflects an intention by Plaintiff to seek in the lawsuit, or through settlement, the full value of her scholarship and continued renewal (through her years of athletic eligibility, or at minimum, until her graduation). According to the affidavit of Brandon DeCuir, counsel for the Board of Supervisors for the University of Louisiana System, Plaintiff had a remaining four years of eligibility for which Defendants could have awarded a scholarship, at $30,245.00 per academic year, which would equal $120,980 for four additional years. Affidavit of Brandon DeCuir.

---

[2] In opposition to Plaintiff's motion to remand for failure to establish jurisdictional amount, "Defendant has presented evidence in the form of a settlement offer, indicating that Plaintiff's own estimation of the amount in controversy exceeds $75,000." *Howard v. Wal-Mart Stores, Inc.*, No. CIV.A. 05-2599, 2005 WL 3555537, at *1 (E.D. La. Nov. 7, 2005)(Barbier, J.).

17.

The case was re-removed to this Court on July 29, 2020, pursuant to 28 U.S.C. § 1446(b)(1), based upon a newly alleged federal claim. On August 11, 2020, in an amended Complaint, Plaintiff alleged this Court had original jurisdiction under 28 U.S.C. § 1332. Meaningfully, Plaintiff also specifically alleged the amount in controversy exceeded $75,000. *Holden v. Perkins*, No. CV 20-2143, (Rec. Doc. No. 9 at 1.). Admittedly, following this amendment, this Court ordered a partial dismissal of some of Plaintiff's claims in *Holden v. Perkins*, No. CV 20-2143, 2020 WL 6544174, at *1 (E.D. La. Nov. 6, 2020). Still pending before this Court is a motion for judgment on the pleadings in *Holden v. Perkins*, No. CV 20-2143 (Rec. Doc. No.26-1) filed by Defendants in that matter.[3] In this removal action and in the pending matter already before this Court in *Holden v. Perkins*, No. CV 20-2143, the primary remaining claims involve the breach of contract and bad faith breach of contract claims. Even taking into account the dismissal of many of Plaintiff's claims, it is significant Plaintiff herself valued the matter at over $75,000. That admission, paired with the 2019 settlement demand letter providing a valuation of one year tuition and related fees and expressing a desire for reinstitution of her scholarship for its full value, provide evidence suggesting the amount in controversy far exceeds $75,000. In addition, Plaintiff alleges new claims of loss of earning capacity, presumably related to her delayed graduation and delayed entry into the workforce, along with claims of emotional distress, which are not included in the above valuation.

---

[3] Named Defendants in that suit include: Alejandros Perkins, in his official capacity as the Chair of the Board of Supervisors, Dr. John L. Crain, in his official ccapacity as the President of SLU, James Smoot, in his individual and official capacity as head coach of SLU's women's volleyball team, Jay Artigues, in his individual and official capacity as SLU's Athletic Director, and Justin Bice, Assistant to the President for Athletics Compliance.

18.

Facts contained within the various petitions support a finding that Plaintiff intended to continue playing volleyball for the entirety of her athletic and scholarship eligibility, should her suit be successful. Plaintiff's factual allegations contained within her amended petition for damages in *Holden v. Perkins*, No. CV 20-2143 (Rec. Doc. No.4-1 at 153), evidence a desire by Plaintiff to continue playing on the volleyball team for the entirety of her eligibility of four years. For instance, Plaintiff alleged that she led "the team in kills, winning All Tournament awards and Player of the Week Awards on numerous occasions." Further, Plaintiff alleged she derived great enjoyment from her participation in the volleyball team and dedicated herself to it wholeheartedly." *Id.* at 155. As noted previously, Plaintiff alleged she expected her athletic scholarship would be renewed for the 2018 through 2019 academic year, just it had been the previous year. *Id.* at 155.

19.

In addition to her breach of contract claims and bad faith breach, she alleges loss of earning capacity and general damages, including emotional distress. In the re-removed matter, Plaintiff filed an opposition to Defendant's Motion to Dismiss. *Holden v. Perkins*, No. CV 20-2143, (Rec. Doc. No. 15), which illuminates her loss of earning capacity claim. In it, Plaintiff notes her own amended petition alleges that she "relied upon those [scholarship] funds in order to afford her education and degree, she has since had to withdraw from Southeastern, and expects that the timeline for *obtaining* her degree has been delayed by at least two (2) years as a result." *Holden v. Perkins*, No. CV 20-2143, (Rec. Doc. No. 15 at 5). With regard to a value of damages for Plaintiff's alleged loss of earning capacity, admittedly those are challenging to assess as a college student,

who has not yet graduated and entered the workforce. As noted in *Folse v. Fakouri*, "[d]amages should be estimated on the injured person's ability to earn money, rather than what he actually earned. *Folse v. Fakouri*, 371 So. 2d 1120, 1123 (La. 1979). "In Louisiana, a plaintiff's past work record and income are relevant but not determinative of the appropriate quantum of future loss of earnings." *Thompson v. Amerada Hess Corp.*, No. CIV. A. 96-3265, 1998 WL 274260, at *8 (E.D. La. May 26, 1998)(Vance, J.). For instance, "even an accident victim who is unemployed at the time of the injury is entitled to an award for loss of earning capacity." *Id.* citing *Folse*, 371 So.2d at 1123. Essentially, the fact finder must ask "what plaintiff might be able to have earned but for his injuries and what he may now earn given his resulting condition." *Id.* citing *Burnaman v. Risk Mgmt., Inc.*, 97-250 (La. App. 3 Cir. 6/18/97), 698 So. 2d 17, 20-21. Given the nature of the case, an extremely conservative estimate of a recent college graduate, earning $10,000 a year, deprived of two years of earning capacity, would result in a total value of $20,000 in lost earning capacity.

20.

In this matter, Plaintiff provides little information regarding her emotional distress claims. However, in her 2019 settlement demand letter, Plaintiff suggests she is entitled to "substantial emotional distress and related medical expenses" in relation, in part, to her bad faith breach of contract claim. Exhibit C. Likewise, in her earlier suit, Plaintiff alleged extreme emotional distress, affecting her mental and physical health, requiring psychiatric treatment and medication. *Holden v. Perkins*, No. CV 20-2143 (Rec. Doc. No.4-1 at 155). Damages are available for nonpecuniary losses for breach of contract, but only under certain conditions. Specifically, pursuant to La. C.C. art. 1998:

> when the contract, because of its nature, is intended to gratify a nonpecuniary interest and, because of the circumstances surrounding the formation or the

nonperformance of the contract, the obligor knew, or should have known, that his failure to perform would cause that kind of loss. Regardless of the nature of the contract, these damages may be recovered also when the obligor intended, through his failure, to aggrieve the feelings of the obligee.

Arguably, Plaintiff will suggest that her ability to play volleyball on the collegiate level is inherently intellectual and therefore the subject of general damages, pursuant to the preceding organic law. La. C.C. art. 1999 provides in such instances, "[w]hen damages are insusceptible of precise measurement, much discretion shall be left to the court for the reasonable assessment of these damages." Here, because of the unique nature of the emotional distress claims, and the lack of information regarding Plaintiff's medical treatment, Defendants suggest a conservative amount of $2,500 for the emotional distress related claims.

21.

Accordingly, removal of this litigation from Tangipahoa Parish state court to this federal court is appropriate pursuant to 28 U.S.C. § 1441(b)(1).

22.

Removal to this court is appropriate as Tangipahoa Parish is within the Eastern District of Louisiana.

23.

For all the foregoing reasons, the value Defendants attach to the alleged breach of contract claim, along with bad faith breach of contract, is $120,812, reflecting out of state tuition and school related expenses, annually for four years. Additionally, the value Defendants attach to the alleged loss of earning capacity claim is $20,000. Finally, any alleged emotional distress damages are valued at $2,500, conservatively. These amounts total $143,312, well in excess of the required

amount in controversy to satisfy diversity jurisdiction. Defendants suggest that the aforementioned facts and evidence demonstrate "that the claims are likely above $75,000 in sum or value." *Gebbia v. Wal-Mart Stores, Inc*., 233 F.3d 880, 882–83 (5th Cir. 2000)(Parker,J.). Therefore, removal is proper.

24.

**WHEREFORE**, Removing Defendants, the Board of Supervisors for the University of Louisiana System and Southeastern Louisiana University, remove the instant action from the 21st Judicial District Court for Tangipahoa Parish, State of Louisiana, to the United States District Court for the Eastern District of Louisiana in accordance with 28 U.S.C. §§ 1441 and 1446.

Respectfully submitted:

**HANGARTNER RYDBERG & TERRELL, LLC**
*Special Assistant Attorney General*

*/s/ Karen E. Futch*
Erin Casey Hangartner (LA Bar No. 24768)
Karen E. Futch (LA Bar No. 31164)
Hancock Whitney Center
701 Poydras Street, Suite 310
New Orleans, LA 70139
Telephone:  (504) 522-5690
Facsimile:   (504) 522-5689
ehangartner@hanrylaw.com
kfutch@@hanrylaw.com

And

**DECUIR, CLARK & ADAMS, L.L.P.**

*/s/ Brandon J. DeCuir*
Brandon J. DeCuir (LA Bar No. 28014)
732 North Boulevard

14

Baton Rouge, LA 70802
Telephone: (225) 346-8716
Facsimile: (225) 336-1950
brandon@decuirlaw.com

**Attorneys for Removing Defendants**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing pleading has been

served upon the parties receiving electronic service notification via the Court's CM/ECF System

and Non-CM/ECF participants via U.S. Mail on this 15th day of April, 2021.

_/s/ Karen E. Futch_
Karen E. Futch