MAR 1 0 2021

## 21ST JUDICIAL DISTRICT COURT FOR THE PARISH OF TANGIPAHOA

### STATE OF LOUISIANA

NO: 2021-00006798                    DIVISION "C"

### CHLOEE HOLDEN

### VERSUS

### SOUTHEASTERN LOUISIANA UNIVERSITY AND STATE OF LOUISIANA THROUGH THE BOARD OF SUPERVISORS FOR THE UNIVERSITY OF LOUISIANA SYSTEM

FILED: MAR 1 2 2021             s/TAMMY WREN
                                                          **DEPUTY CLERK**

### PETITION FOR DAMAGES

**NOW INTO COURT,** through undersigned counsel, comes Chloee Holden, who files this Petition for Damages and respectfully avers as follows:

I.

Made Plaintiff is Chloee Holden, an individual of full age of majority, and a domiciliary of Alvin, Texas.

II.

This Court has subject matter jurisdiction pursuant to Article 2 of the Louisiana Code of Civil Procedure.

III.

Venue is proper in this Court pursuant to Article 42 of the Louisiana Code of Civil Procedure.

IV.

Made Defendants are:

a.     The Board of Supervisors for the University of Louisiana System, a political body of the State of Louisiana, domiciled in the Parish of East Baton Rouge, State of Louisiana, which, upon information and belief, is the governing body for Southeastern Louisiana University and answerable for the acts and/or omissions of officers, directors, administrators, and other personnel[1]; and

---

[1] The Board of Supervisors for the University of Louisiana is an entity capable of being sued under La. Rev. Stat. 17:3351(A)(1).

00345091.WPD;1                                Page 1 of 6

Exhibit "1"

b. Southeastern Louisiana University ("SLU"), a Louisiana institution with its principal place of business in the Parish of Tangipahoa, State of Louisiana.

V.

Plaintiff accepted a "Grant-In-Aid Offer" from Southeastern Louisiana University, effective August 2016 through May 2017, and renewed for August 2017 through May 2018, wherein in exchange for her participation in the women's volleyball program, SLU would provide "full tuition, permissible fees (ID & lab fee), room & board, and course related books." Plaintiff's acceptance of Defendants' offer created a binding contract between Plaintiff and Defendants. La. Civ. Code art. 1927.

VI.

Pursuant to the contract between Plaintiff and Defendants, the "grant-in-aid award is subject to reduction or cancelation [sic] during the term of the award for actions which contradict the Southeastern student-athlete code of conduct defined in the Student-Athlete Handbook, or for academic achievement which jeopardizes NCAA eligibility status." This contract was entered in accordance with the NCAA Bylaws, specifically 15.3.7 and/or 15.3.2.4, which were incorporated by reference therein. Moreover, the contract provided that "a student-athlete must receive written notice of a hearing opportunity if aid is reduced or cancelled during the period of award for any reason, or not renewed for the following academic year ([NCAA] Bylaw 15.3.7)." The contract further provided that, "Institutional aid may NOT BE REDUCED OR CANCELLED during the period of this award FOR THE FOLLOWING REASONS: 1. On the basis of a student's athletic ability, performance or contribution to a team's success."

VII.

Plaintiff avers that during the Fall 2017 semester, Women's Volleyball Head Coach James Smoot engaged in emotionally abusive conduct towards Plaintiff and her fellow teammates. Concerned by this behavior and other apparently violations of school policy, Plaintiff, along with other teammates, scheduled a meeting with Athletic Director, Jay Artigues, to discuss concerns regarding Coach Smoot's behavior towards the student-athletes. Shortly thereafter, Plaintiff was advised that she was being removed from the team and that her scholarship would not be renewed for the following academic year.

VIII.

In an email dated November 21, 2017, Athletic Director Jay Artigues wrote the following to Lorenza Owens, Plaintiff's mother:

> [H]ead coaches have the authority to cut or keep whoever they feel is best for their program. **Coaches evaluate each player based on athletic ability, coach ability, attitude, as well as what kind of teammate each player may be.** After evaluating Chloee[,] Coach Smoot decided that it is best for the volleyball program to release Chloee from the team. Chloee is given her unconditional release and is free to transfer to any school she chooses. If Chloee decided to return to Southeastern in the spring[,] then she w[ould] remain on scholarship until the spring semester is complete. If Chloee has any questions regarding her release[,] she should visit with Justin Bice in the compliance office.
>
> **This decision is final as I do not override our coaches['] personnel decisions.** No other meeting or discussion is needed regarding this matter.

Accordingly, it is clear that Plaintiff was not only denied adequate notice and/or hearing, as required by the Grant-in-Aid agreement and the NCAA Bylaws, but Plaintiff was further denied an opportunity for review or an appeal of the decision imposed upon her, as according to Mr. Artigues, the decision was "final" and not subject to review or reversal. Significantly, the reasons cited by Mr. Artigues in support of the decision to remove Plaintiff from the team and to cancel her scholarship appear performance based. Canceling Plaintiff's contract for reasons related to performance directly contradicts with the contract which states that, "Institutional aid may NOT BE REDUCED OR CANCELLED during the period of this award FOR THE FOLLOWING REASONS: 1. On the basis of a student's athletic ability, performance or contribution to a team's success . . . ." Neither Mr. Artigues nor Mr. Smoot cited specific violation of student-athlete code of conduct, as defined in the Student-Athlete Handbook.

IX.

Moreover, despite SLU not renewing Plaintiff's aid "for the following academic year," she was not provided with "written notice of a hearing opportunity." Rather, Ms. Holden's mother was advised that the "decision [wa]s final," and that Athletic Director Artigues would "not override [his] coaches['] personnel decisions," and that "no other meeting or discussion is needed," despite the request for same. Furthermore, Plaintiff requested an appeal with Mr. Bice, who denied Plaintiff the opportunity for a hearing, and failed to provide her written notice of the opportunity for a formal

00345091.WPD;1  Page 3 of 6

Exhibit "1"

hearing in writing in violation of the Grant-in-Aid and NCAA Bylaws 15.3.7 and/or 15.3.2.4, which were adopted by reference therein.

X.

Additionally, according to provision XIV C. of the SLU Student Athlete Handbook, the "notification of financial aid renewals and non-renewals must come from the Director of Financial Aid." This provision is in line with NCAA Bylaw 15.3.2.4, which provides that "the institution's regular financial aid authority shall notify the student-athlete in writing of the opportunity for a hearing when institutional financial aid based in any degree on athletics ability . . . is reduced or not renewed for the following academic year. The institution shall have established reasonable procedures for promptly hearing such a request and shall not delegate the responsibility for conducting the hearing to the university's athletics department or its faculty athletics committee. The written notification of the opportunity for a hearing shall include a copy of the institution's established policies and procedures for conducting the required hearing, including the deadline by which a student-athlete must request such a hearing." Upon information and belief, Plaintiff received no such notification of non-renewal nor notice of any opportunity for hearing. Therefore, SLU breached its obligations in bad faith and further breached the incorporated NCAA Bylaws by failing to advise plaintiff of her non-renewal via the SLU Director of Financial Aid.

XI.

Plaintiff avers that Southeastern Louisiana University and The Board of Supervisors for the University of Louisiana System (collectively "the school") breached its contract with Plaintiff when it canceled Plaintiff's contract, failed to provide Plaintiff written notice of a hearing opportunity, and deprived Plaintiff of a hearing. Southeastern Louisiana University and The Board of Supervisors failed to identify any action by Plaintiff contradicting Southeastern's student-athlete code of conduct defined in the Student-Athlete Handbook, as required under the terms of the Grant-In-Aid Offer for cancelation during the term of the award.

XII.

Plaintiff further avers that Defendants, Southeastern Louisiana University and The Board of Supervisors for the University of Louisiana System, are liable for the acts of its employees, including but not limited to, the acts of James Smoot, Jay Artigues, and Justin Bice for their reckless disregard of Plaintiff's contractual rights in breach of the Grant-In-Aid Offer. As such, Defendants are further

Exhibit "1"

liable as obligors in bad faith and are liable for all damages, forseeable or not, that are a direct consequence of the failure to perform. La. Civ. Code. art. 1997.

XIII.

Plaintiff avers that she has sustained damages resulting from Defendants' bad faith breach of contract, including but not limited to past and future economic loss of tuition, permissible fees (ID & lab fee), room & board, course related books, and loss of earning capacity; general damages including emotional distress. Plaintiff seeks all damages that are just and due in the premises.

**WHEREFORE,** Plaintiff, Chloee Holden, prays that her Petition for Damages be filed, and that after service and all delays, there be judgment in her favor and against Defendants, The Board of Supervisors for the University of Louisiana System and Southeastern Louisiana University, for all sums and damages referenced herein and those that are just and due in the premises and recoverable as a matter of law, including but not limited to, past and future economic loss of tuition, permissible fees (ID & lab fee), room & board, course related books, and loss of earning capacity; general damages including emotional distress, attorney's fees, plus all costs and legal interest from date of wrongdoing and/or judicial demand, as may be applicable.

Respectfully submitted,

**LOWE, STEIN, HOFFMAN,
ALLWEISS & HAUVER, LLP**

**MELANIE C. LOCKETT** (#30601)
**MICHAEL R. ALLWEISS** (#2425)
701 Poydras St., Suite 3600
New Orleans, Louisiana 70139
Telephone: (504) 581-2450
Attorney for Plaintiff, Chloee Holden

**PLEASE SERVE:**

The Board of Supervisors for the
University of Louisiana System through:
Jeff Landry
Attorney General of the State of Louisiana
1885 N. 3rd Street
Baton Rouge, LA 70802

Exhibit "1"

The Board of Supervisors for the
University of Louisiana System through
Melissa Harris -- Office of Risk Management of the State of Louisiana
1201 N. Third Street, Suite G-192
Baton Rouge, LA 70802

The Board of Supervisors for the
University of Louisiana System through
James Carter, Chair of The Board of Supervisors for the
University of Louisiana System
1201 North Third Street, Suite 7-300
Baton Rouge, LA 70802

Southeastern Louisiana University
through its University President
Dr. John Crain
Office of the President
Dyson Hall, Room 106
500 W University Avenue
Hammond, Louisiana 70402

00345091.WPD;1                                Page 6 of 6

Exhibit "1"

## 21ST JUDICIAL DISTRICT COURT FOR THE PARISH OF TANGIPAHOA

## STATE OF LOUISIANA

NO: 2021-00000698                                                                                                    DIVISION "___"

## CHLOEE HOLDEN

### VERSUS

## SOUTHEASTERN LOUISIANA UNIVERSITY AND STATE OF LOUISIANA THROUGH THE BOARD OF SUPERVISORS FOR THE UNIVERSITY OF LOUISIANA SYSTEM

FILED: MAR 1 2 2021                                                                     s/TAMMY WREN
                                                                                         **DEPUTY CLERK**

### NOTICE OF PRIOR FILING OR MULTIPLE FILING

Pursuant to Louisiana District Court Rule 9.4, please take notice that Plaintiff, Chloee Holden, previously filed a Petition for Damages, with the assigned Docket No. 2018-3472 in Division "E" and certain of those claims arose out of the same or similar facts.

Respectfully submitted,

**LOWE, STEIN, HOFFMAN,
ALLWEISS & HAUVER, LLP**

_____
MELANIE C. LOCKETT (#30601)
MICHAEL R. ALLWEISS (#2425)
701 Poydras St., Suite 3600
New Orleans, Louisiana 70139
Telephone: (504) 581-2450
Attorney for Plaintiff, Chloee Holden

Exhibit "1"

# CITATION

**LOEE HOLDEN**

Versus

**SOUTHEASTERN LOUISIANA UNIVERSITY, ET AL**

Case: 2021-0000698
Division: C
21st Judicial District Court
Parish of Tangipahoa
State of Louisiana

TFW

To: SOUTHEASTERN LOUISIANA UNIVERSITY
THROUGH ITS UNIVERSITY PRESIDENT:
DR. JOHN CRAIN
OFFICE OF THE PRESIDENT
DYSON HALL, ROOM 106
500 W. UNIVESITY AVENUE
HAMMOND, LOUISIANA 70402

RECEIVED MAR 16 2021 BY: RCW 8:10 AM

Parish of Tangipahoa

**YOU ARE HEREBY SUMMONED** to comply with the demand contained in the Petition of which a true and correct copy accompanies this citation, or make an appearance either by filing a pleading or otherwise, in the Twenty-First Judicial District Court in and for the Parish of Tangipahoa, State of Louisiana within fifteen (15) days after the service hereof, under penalty of default.

This service was ordered by attorney MELANIE C. LOCKETT and was issued by the Clerk of Court on March 12, 2021.

<u>Pleading Served</u>

PETITION FOR DAMAGES

_____
Deputy Clerk of Court for
Gary T. Stanga, Clerk of Court

---

### Service Information

Received on the _____ day of _____, 20_____ and on the _____ day of _____, 20_____ served the above named party as follows:

**Personal Service** on the party herein named _____.

**Domiciliary Service** on the party herein named by leaving the same at his/her domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service.

**DUE & DILIGENT UNABLE TO SERVE BECAUSE:** _____.

Returned:
Parish of _____ this _____ day of _____, 20_____.

Service $ _____
Mileage $ _____   By: _____
Total $ _____            Deputy Sheriff

PREPAID

[ SERVICE ]

Exhibit "1"

_Served 3/25/2021_

# CITATION

CHLOEE HOLDEN

Versus

SOUTHEASTERN LOUISIANA UNIVERSITY, ET AL



Case: 2021-0000698
Division: C
21st Judicial District Court
Parish of Tangipahoa
State of Louisiana

TFW

To: THE BOARD OF SUPERVISORS FOR THE UNIVERSITY OF LOUISIANA SYSTEM
THROUGH:
MELISSA HARRIS - OFFICE OF RISK MANAGEMENT OF THE STATE OF LOUISIANA
1201 N. THIRD STREET, SUITE G-192
BATON ROUGE, LA.   70802

Parish of EAST BATON ROUGE

**YOU ARE HEREBY SUMMONED** to comply with the demand contained in the Petition of which a true and correct copy accompanies this citation, or make an appearance either by filing a pleading or otherwise, in the Twenty-First Judicial District Court in and for the Parish of Tangipahoa, State of Louisiana within fifteen (15) days after the service hereof, under penalty of default.

This service was ordered by attorney MELANIE C. LOCKETT and was issued by the Clerk of Court on March 12, 2021.

<u>Pleading Served</u>

PETITION FOR DAMAGES

_____
Deputy Clerk of Court for
Gary T. Stanga, Clerk of Court

---

### Service Information

Received on the _____ day of _____, 20_____ and on the _____ day of _____, 20_____ served the above named party as follows:

**Personal Service** on the party herein named _____.

**Domiciliary Service** on the party herein named by leaving the same at his/her domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service.

**DUE & DILIGENT UNABLE TO SERVE BECAUSE:**_____.

Returned:
Parish of _____ this _____ day of _____, 20_____.

Service    $_____
                            By: _____
Mileage    $_____        Deputy Sheriff

Total      $_____

**PREPAID**

[ SERVICE ]

# CITATION

**CHLOEE HOLDEN**

Versus

**SOUTHEASTERN LOUISIANA UNIVERSITY, ET AL**



Case: 2021-0000698
Division: C
21st Judicial District Court
Parish of Tangipahoa
State of Louisiana

TFW

To: THE BOARD OF SUPERVISORS FOR THE UNIVERSITY OF LOUISIANA SYSTEM
THROUGH:
JEFF LANDRY
ATTORNEY GENERAL OF THE STATE OF LOUISIANA
1885 N. 3RD STREET
BATON ROUGE, LA. 70802

RECEIVED BY THE
ATTORNEY GENERAL'S OFFICE
DATE: 3/25/21  TIME: 11:06 am
BY: Jo Richardson

Parish of EAST BATON ROUGE

**YOU ARE HEREBY SUMMONED** to comply with the demand contained in the Petition of which a true and correct copy accompanies this citation, or make an appearance either by filing a pleading or otherwise, in the Twenty-First Judicial District Court in and for the Parish of Tangipahoa, State of Louisiana within fifteen (15) days after the service hereof, under penalty of default.

This service was ordered by attorney MELANIE C. LOCKETT and was issued by the Clerk of Court on March 12, 2021.

**Pleading Served**

**PETITION FOR DAMAGES**

_____
Deputy Clerk of Court for
Gary T. Stanga, Clerk of Court

### Service Information

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20____ served the above named party as follows:

**Personal Service** on the party herein named _____

**Domiciliary Service** on the party herein named by leaving the same at his/her domicile in the parish in the hands of _____, a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service.

**DUE & DILIGENT UNABLE TO SERVE BECAUSE:** _____.

Returned:
Parish of _____ this _____ day of _____, 20____.

Service    $ _____
Mileage   $ _____        By: _____
Total       $ _____              Deputy Sheriff

**PREPAID**

[ SERVICE ]

Exhibit "1"